UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEROME CHANCELLOR, et al.,

        Plaintiffs,

    v.                        Case No. 1:08cv65

COCA-COLA ENTERPRISES, INC.,

        Defendant.

**O R D E R**

This matter is before the Court upon a Motion to Dismiss filed by Defendant Coca-Cola Enterprises, Inc. ("Coca-Cola").  Doc. 22.  Plaintiffs responded in opposition (doc. 29), and Coca-Cola has replied (doc. 30).  Coca-Cola argues that some of the individual claims are barred by the statute of limitations.  For the reasons explained below, this Court agrees.

**I. Background**

Plaintiffs Tracy Craig, Patricia Foster, Jeffrey Famble, Ernest Harding III, Charles Washington, and 18 other plaintiffs sued Coca-Cola on January 25, 2008.  According to the facts set forth in the Complaint, Plaintiffs are all current or former African-American employees of Coca-Cola.  Plaintiffs allege that Craig and Foster were last employed by Coca-Cola in September 1999 and December 1999, respectively, Famble and Harding were last employed by Coca-Cola in March 2002 and May 2002, respectively, and Washington was last employed by Coca-Cola in September 2003.  Plaintiffs claim that they were subjected to a racially hostile work environment in violation of 42 U.S.C. § 1981 and Ohio Rev. Code §§ 4112.02 and

1

4112.99.

In addition to bringing this action, Plaintiffs were members of the class in *Robinson, et al. v. Johnston Coca-Cola Bottling Group, Inc.*, Case No. A0107118 (Hamilton County, Ohio, C.P. Court), a class action in which the class members sought redress under state law for Coca-Cola's allegedly racially hostile work environment. *Robinson* was originally certified as a class action on December 31, 2002. The state trial court subsequently denied class certification for damages and granted class certification for injunctive relief by order dated June 21, 2004. The state court decertified the class for injunctive relief by order dated July 27, 2007.

## II.  The Parties' Positions

The issue before this Court is whether the above-named plaintiffs' § 1981 and state law claims are barred by the applicable statute of limitations. Coca-Cola argues that Craig, Foster, Famble, Harding, and Washington are time-barred from bringing their § 1981 claims because they were not employed by Coca-Cola in the last four years. Coca-Cola further argues that Craig and Foster are time-barred from bringing their state law claims because they were not employed by Coca-Cola in the last six years. Coca-Cola acknowledges that the pendency of the Robinson litigation tolled the statute of limitations for plaintiffs' state law claims, but Coca-Cola contends that it did not toll the statute of limitations for a sufficient period of time to allow plaintiffs to pursue their state law claims in this law suit. Coca-Cola argues that this is so because once the state court denied class certification as to the damages claims for the *Robinson* class members by its June 21, 2004 order, tolling for those claims ended. Coca-Cola contends that pursuant to the Ohio Saving Statute, Ohio Rev. Code § 2305.19(A), Plaintiffs then had one year in which to file suit in order to rely on the tolling of the limitations period provided by the class action. Coca-

2

Cola submits that because Plaintiffs did not file their individual state law claims within one year of the final order denying certification of any such claims, they must rely on the original statute of limitations and any claims filed outside the applicable six-year period of limitations are barred. Coca-Cola also argues that because *Robinson* was pursued entirely under state law, the action did not toll the statute of limitations for plaintiffs' § 1981 claims filed in this action.

In response, plaintiffs argue that courts have "repeatedly rejected" defendant's assertion that the statute of limitations should not have been tolled beyond the date on which the court in *Robinson* certified a class for one avenue for relief (injunctive) but denied certification for a second avenue for relief (monetary). Plaintiffs maintain that so long as the class action remained certified as to one type of relief, the statute of limitations on their individual claims remained tolled. Plaintiffs argue that because this action arises from the same pattern of conduct that gave rise to *Robinson,* the statute of limitations on their claims was tolled from October 15, 2001 (the date *Robinson* was filed) until July 27, 2007 (the date the class for injunctive relief was decertified). Plaintiffs allege that this 5½ year tolling period should be tacked on to the period of limitations applicable to their claims. By plaintiffs' calculations, therefore, the statute of limitations would reach back to approximately April 12, 1998, for their § 1981 claims and to approximately April 12, 1996, for their state law claims. Plaintiffs allege that because they filed their claims on January 25, 2008, which was within four years and six years, respectively, plus 5½ years of the date they were employed by Coca-Cola, their claims are not barred by the applicable statute of limitations.

### III. Standard of Review

Fed. R. Civ. P. 12(b)(6) allows a motion to dismiss for failure to state a claim upon which

relief can be granted. When evaluating a 12(b)(6) motion, the Court must accept all well-pleaded allegations as true, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), and must view them in the light most favorable to the plaintiff, *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). Construed in this light, the complaint is subject to dismissal when the allegations show that relief is barred by the applicable statute of limitations. *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920-21 (2007).

Although courts generally should not consider matters outside the pleadings when considering a motion to dismiss, *Weiner v. Klais & Co.*, 108 F.3d 88-89 (6th Cir. 1997), there are exceptions to this rule. A district court may take judicial notice of adjudicative facts. Fed. R. Evid. 201(c). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Ev. 201(b).

**IV. Applicable law**

A four-year statute of limitations applies to § 1981 claims. 28 U.S.C. § 1658; *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). A six-year statute of limitations applies to plaintiffs' state law claims. *See* Ohio Rev. Code § 2305.07; *Cosgrove v. Williamsburg of Cincinnati Mgmt. Co.*, 70 Ohio St. 3d 281, 282 (1994).

Under both federal and state law, the filing of a class action, whether in Ohio or in the federal court system, tolls the running of a statute of limitations for all asserted members of the class who would have been parties had the suit been permitted to continue as a class action. *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974); *Crown, Cork & Seal Co. v.*

*Parker*, 462 U.S. 345, 354 (1983); *Vaccariello v. Smith & Nephew Richards, Inc*., 94 Ohio St. 3d 380, 382-83 (2002). Under federal law, the limitations period remains tolled for all class members until class certification is denied, at which time former class members may choose to file individual suits or to intervene as plaintiffs in the pending action. *Crown, Cork & Seal*, 462 U.S. at 354. Ohio tolling principles apply to state law claims filed in federal court. *See Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp*., 413 F.3d 553, 567 (6th Cir. 2005) (citing *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 265 (7th Cir. 1998)). The Ohio statutory provision known as the Ohio Saving Statute, Ohio Rev. Code, § 2305.19(A), provides for tolling of state law claims in a situation such as that presented by this case. It allows a plaintiff whose action has failed "otherwise than upon the merits" to bring an action within one year after the date of the plaintiff's failure "or within the period of the original applicable statute of limitations," whichever occurs later. *See also Obsorne v. AK Steel/ARMCO Steel Co*., 96 Ohio St. 3d 368, 370 (2002) (finding that § 2305.19 applies to claims brought under Ohio Rev. Code Ch. 4112). Denial of class certification would be deemed a failure "otherwise than upon the merits," as an order that determines that an action may or may not be maintained as a class action is a final order under Ohio law. Ohio Rev. Code § 2505.02(B)(5).

The Supreme Court in *Crown, Cork & Seal*, 462 U.S. at 352-353, explained that a tolling rule for class actions is not inconsistent with the purposes served by statutes of limitations, which are to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights. These ends are met when a class action is commenced since the complaint notifies the defendants of the substantive claims being brought against them and of the need to preserve evidence and witnesses respecting the claims of all the members of the class. *Id*. (citations

omitted). Tolling the statute of limitations thus creates no potential for unfair surprise, and class members who do not file individual suits while the class action is pending cannot be accused of sleeping on their rights. *Id*.

The Supreme Court has cautioned that the statute of limitations is not tolled on claims that differ from those raised in another action. *See Crown*, 462 U.S. at 355 (Powell, J., concurring) ("The tolling rule of *American Pipe* is a generous one, inviting abuse . . . The rule should not be read . . . as leaving a plaintiff free to raise different or peripheral claims following denial of class status."); *Johnson v. Railway Exp. Agency, Inc*., 421 U.S. 454, 467 (1975) (noting in conjunction with its holding that statute of limitations on § 1981 claim was not tolled during pendency of Title VII administrative proceedings because petitioner could have filed his § 1981 claim at any time after his cause of action accrued, that "the tolling effect given to the timely prior filings in *American Pipe* and in *Burnett* depended heavily on the fact that those filings involved exactly the same cause of action subsequently asserted.")

The parties have cited only one case that addresses the specific issue of whether the denial of class certification on claims for one form of relief tolls the running of the statute of limitations on claims for another form of relief. *See Swierkowski v. Consolidated Rail Corp.*, 168 F. Supp.2d 389 (E.D. Pa. 2001). In *Swierkowski*, the plaintiff was part of a class action that was granted for injunctive relief only and denied for damages claims. *Id*. at 394. The class was ultimately decertified two years later for injunctive relief. *Id*. The court held that the statute of limitations on plaintiff's damages claim was tolled until the class was decertified for injunctive relief. *Id*. at 395. The court reasoned that allowing the limitations period to run on the class members' damages claims while a class action seeking injunctive relief was pending could potentially cause

6

confusion and prejudice to class members and preclude individuals similarly-situated to plaintiff from relying on a potentially favorable finding on the injunctive damages portion of the class action in seeking damages.  *Id*. at 395.  The court reasoned that "[c]reating a rule which would require individual plaintiffs to litigate their damages claims while a class action seeking injunctive relief for an alleged pattern or practice of discrimination was pending would run completely counter to the efficiency rationale of the class action by having two suits covering essentially the same claim running at the same time."  *Id.* (citing *Crown, Cork & Seal*, 462 U.S. at 350).

## V.  Analysis

The Court will address the timeliness of the filing of plaintiffs' state law claims and their § 1981 claims separately.

**A.  State law claims**

Relying on *Swierkowski*, 168 F. Supp.2d 389, plaintiffs maintain that the statute of limitations remained tolled until July 27, 2007, when the class for injunctive relief was decertified.  For the reasons explained below, the Court disagrees.

The Court is not persuaded that Ohio courts would follow the *Swierkowski* decision. Under Ohio law, a decision denying class certification is a final order.  The Court perceives no valid reason why Ohio courts would allow plaintiffs to sit on their individual damages claims following issuance of a final order denying class certification as to such claims.  This is particularly true given that plaintiffs' damages claims are in no way dependent on the outcome of the resolution of the claims for injunctive relief in the *Robinson* action.  To the contrary, as noted by the state court judge in *Robinson*, each plaintiff's damages claim is unique and will have to be

7

presented separately. See doc. 22, exh. 1 (May 18, 2004 decision, p. 14). Thus, judicial economy would not be furthered if plaintiffs were permitted to sit on their damages claims during the pendency of the class action on the state law claims for injunctive relief.

Nor would the purposes underlying statutory limitations periods be served if plaintiffs were permitted to pursue their damages claims at this late date. Because plaintiffs failed to pursue their individual damages claims after class certification was denied on those claims, they deprived defendant both of notice that they intended to pursue those claims and of notice of defendant's need to preserve evidence and witnesses respecting those particular claims. Tolling the statute of limitations under these circumstances therefore creates the potential for unfair surprise and prejudice to defendant.

Plaintiffs have cited no authority other than *Swierkowski* in support of their position that the statute of limitations on their damages claims should have been tolled following denial of class certification on those claims by the state court. Because *Swierkowski* is not persuasive authority in this case, the Court holds that the period of tolling on the state law claims presented in this action ended on June 21, 2004, when the state court issued its final order denying class certification on the damages claims in the *Robinson* action. Under the Ohio Saving Statute, in order for their individual damages claims to be timely, plaintiffs were required to file them within either one year of the decertification order, which was a failure of their claims "otherwise than on the merits," or within the period of the original applicable statute of limitations, whichever occurred later.

The original statute of limitations applicable to the state law claims of Craig and Foster expired in September 2005 and December 2005, respectively. Accordingly, Craig and Foster did

8

not bring their state law claims within the period of the original applicable statute of limitations. Nor did they bring these claims within one year of the failure of the claims "otherwise than on the merits." Thus, Craig and Foster are time-barred from bringing their claims under Ohio Rev. Code §§ 4112.02 and 4112.99.

**B. Section 1981 Claims**

In order for plaintiffs' § 1981 claims to be timely, they must have accrued less than four years before this action was filed, or after January 2004. Plaintiffs Craig, Foster, Famble, Harding and Washington were not employed after January 2004. Their § 1981 claims are thus clearly barred by the statute of limitations, unless it was tolled for a sufficient period of time by the pendency of the *Robinson* action.

The Court finds that plaintiffs may not rely on *Robinson,* a class action filed in state court in which only state law claims were asserted, to toll a federal statute of limitations. Plaintiffs' § 1981 claims are in no manner dependent upon resolution of the state law claims for injunctive relief, and pendency of the state law claims in *Robinson* did not preclude plaintiffs from pursuing their § 1981 claims. Thus, there was no reason for plaintiffs to sit on their § 1981 claims until the class on the claims for injunctive relief was decertified in *Robinson*. By doing so, plaintiffs deprived defendant of notice of plaintiffs' intent to pursue such claims. Tolling the statute of limitations in this situation and allowing plaintiffs to pursue their § 1981 claims when such a lengthy period of time has passed since the claims accrued would frustrate the purposes of tolling. Because tolling principles do not apply under these circumstances, the § 1981 claims of Craig, Foster, Famble, Harding, and Washington are time-barred.

**VI. Conclusion**

It is therefore **ORDERED** that Coca-Cola's Motion to Dismiss (doc. 22) is **GRANTED**. The claims brought by Craig, Foster, Famble, Harding, and Washington under 42 U.S.C. § 1981 are **DISMISSED**. The claims brought by Craig and Foster under Ohio Rev. Code §§ 4112.02 and 4112.99 are also **DISMISSED**. Plaintiffs Tracy Craig and Patricia Foster are **DISMISSED** from this lawsuit. This case shall proceed to trial on the surviving claims of the remaining twenty plaintiffs.

The Court finds that there is no just reason for delay of the judgment of dismissal of Tracy Craig and Patricia Foster. Accordingly, pursuant to Fed. R. Civ. P. 54(b), the Court hereby **DIRECTS** the Clerk to enter final judgment in favor of the Defendant, Coca-Cola Enterprises, Inc., and against Plaintiffs Tracy Craig and Patricia Foster.

**IT IS SO ORDERED.**

                                                S/ Herman J. Weber
                                                Herman J. Weber, Senior Judge
                                                United States District Court